a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| AQUIL AL-OBEID, also known as AQIL AL-OBEID, Petitioner | CIVIL ACTION NO. 1:16-CV-1638-P |
| VERSUS | CHIEF JUDGE DRELL |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Aquil Al-Obeid (A#071724442) ("Al-Obeid"). Al-Obeid is an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE"). Al-Obeid is being detained at the LaSalle Detention Center in Jena, Louisiana. Al-Obeid claims that his continued detention violates the rule announced in Zadvydas v. Davis, 533 U.S. 678 (2001).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. Background

Al-Obeid alleges that he has been in immigration custody for over six months with no significant likelihood of removal in the reasonably foreseeable future. Al-Obied was ordered to amend his petition to provide additional information, and to explain why there is no significant likelihood of his removal in the reasonably

foreseeable future. (Doc. 2). Al-Obied's response was to be submitted on or before January 6, 2017. (Doc. 2).

## II. Law and Analysis

A district court may dismiss an action for Petitioner's failure to prosecute or to comply with any order. See Fed. R. Civ. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant. See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." Id. at 629-630.

Al-Obeid has failed to comply with the Court's order to amend his petition, and he has not requested an extension of time within which to respond.

## III. Conclusion

Therefore, IT IS RECOMMENDED that the § 2241 petition be DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of

the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this \_\_13th\_\_ day of February, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge